**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
Crystal T. Innabi (SBN: 316434)
ci@sinlegal.com
770 L Street, Suite 950
Sacramento, CA 95814
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL SMITH,** an individual,<br><br>Plaintiff,<br><br>v.<br><br><br>**THE FERGUSON GROUP USA d/b/a DFG AND ASSOCIATES,** entity type unknown,<br><br><br>Defendant. | **Case No.:** 5:18-CV-02251-DMG-SP<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Hearing Date: Friday, Feb. 22, 2019<br>Time: 9:30 a.m.<br>Courtroom: 8C<br><br>**JUDGE:** Judge Dolly M. Gee |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, MICHAEL SMITH, ("Plaintiff") filed suit against Defendant, THE FERGUSON GROUP USA d/b/a DFG AND ASSOCIATES, entity type unknown, ("FERGUSON" or "Defendant") for Defendant's violations of The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*. and the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*. [Plaintiff's Complaint, ECF Dkt. No. 1, hereinafter "Compl."]. Defendant was properly served with the Summons and Complaint by a registered process server. [ECF Dkt. Nos. 9; Declaration of Crystal T. Innabi hereinafter "Innabi Decl." ¶ 2]. Contrary to Rule 12 of the Federal Rules of Civil Procedure, Defendant has failed to file an appearance, an answer, or otherwise respond to Plaintiff's Complaint within the period of time prescribed. Plaintiff's counsel's attempts to confer with Defendant were unsuccessful and Defendant remains unresponsive. [Innabi Decl. ¶¶ 5-6]. Plaintiff therefore brings this motion pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55, seeking a default judgment that awards Plaintiff statutory damages of $2,000.00 and actual damages of $5,000 for Defendant's violations of the FDCPA and RFDCPA. Plaintiff is also filing a concurrent motion for attorney's fees and costs in the amount of $8,560.00. The total sought for the default judgment is therefore $15,560.00.

### II. FACTUAL HISTORY

Sometime in or around 2008, Plaintiff is alleged to have obtained and defaulted on a consumer debt, (the "Debt"). [Compl. ¶¶ 20-21]. Sometime thereafter, the Debt was placed with Defendant for the sole purpose of debt collection. [*Id.* ¶ 22].

On or about September 27, 2018, Defendant contacted Plaintiff via telephone and left a voicemail attempting to collect on the alleged Debt. [*Id.* ¶¶ 23-30]. In the voicemail, Defendant demanded payment on the Debt and stated that

1  the voicemail *"demands the immediate attention"* of Plaintiff in reference to a
2  *"complaint may be filed"* against Plaintiff. The voicemail went on to state that
3  *"Failure to respond will result in the department proceeding without [Plaintiff's]*
4  *consent",* and that the call would be *"logged and submitted as proof"* that Plaintiff
5  had been notified. [*Id.*]. By falsely stating that a "Complaint" "may be filed"
6  against Plaintiff, Defendant unlawfully threated litigation, and falsely implied that
7  Plaintiff could still be sued for the Debt. Plaintiff cannot still be sued for the Debt
8  as the Debt is past the four (4) year statute of limitations. *See Cal. Code Civil Proc.*
9  *§ 337.* [*Id.*]. By stating "Failure to respond will result in the department proceeding
10 without your consent," Defendant falsely implied that if Plaintiff did not
11 immediately contact them, Plaintiff would waive his rights to challenge the Debt.
12 [*Id.*]. Even if Plaintiff never called Defendant, Plaintiff would not waive any rights
13 with respect to the Debt. [*Id.*].

14      Fearing an imminent lawsuit, on September 27, 2018, Plaintiff contacted
15 Defendant, ("The Phone Call"). [*Id.* ¶ 39]. During The Phone Call, Defendant
16 demanded payment on the time-barred Debt, stated the Debt was "*going to*
17 *litigation*," and informed Plaintiff that Plaintiff would be "*sued*." [*Id.* ¶ 40]. By
18 falsely stating that the Debt was "going to litigation," and that Plaintiff would be
19 "sued", Defendant unlawfully threatened a lawsuit, and falsely implied that Plaintiff
20 could still be sued for the Debt. [*Id.* ¶ 41]. During The Phone Call, Plaintiff
21 informed Defendant that the Debt was past the four (4) year statute of limitations.
22 *See Cal. Code Civil Proc. § 337.* [*Id.* ¶ 42]. In response, Defendant improperly
23 stated that the statute of limitations "does not apply to bank accounts" and
24 proceeded to intimidate the Plaintiff by stating "good luck in court." [*Id.* ¶ 43].

25      In addition, during The Phone Call, Defendant stated they were a "law firm"
26 by the name of "DFG and Associates," which is a false name. [*Id.* ¶ 45]. By stating
27 they were a "law firm" rather than "debt collectors," Defendant used a false name
28 in connection with the collection of an alleged Debt, and did not disclose the true

nature of their business, which is collecting debts. [*Id.* ¶ 46]. By claiming they were a "law firm" and using the name "DFG and Associates", Defendant misrepresented the nature of their services. [*Id.*].

In an attempt to collect upon a time-barred Debt, Defendant unlawfully threatened litigation by attempting to intimidate Plaintiff with false threats of a "Complaint", implying Plaintiff had been named in a non-existent lawsuit. [*Id.* ¶¶ 26, 43, 44]. Defendant's purpose for each voicemail was to instill a false sense of urgency of an imminent lawsuit to coerce Plaintiff into contacting Defendant and paying the alleged Debt. [*Id.* ¶¶ 25, 41, 44].

Defendant further failed to send Plaintiff the required validation notices within five (5) days of the initial communication as required by 15 U.S.C. § 1692g and a Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a). [*Id.* ¶¶ 35-38]. Moreover, during each call Defendant failed to identify themselves as debt collectors, and failed to make meaningful disclosure of their identity. [*Id.* ¶¶ 32-34; 45-47].

### III. PROCEDURAL HISTORY

On October 22, 2018, Plaintiff filed this action alleging violations of the FDCPA and RFDCPA against Defendant. [ECF Dkt. No. 1]. On November 13, 2018, the Summons and Complaint were served on Defendant. [Innabi Decl. ¶ 2; ECF Dkt. No. 9].

Defendant was served with Plaintiff's Request for Entry of Default on December 27, 2018. [*Id.* ¶ 3]. The Court entered default against Defendant on January 16, 2019. [ECF Dkt. Nos. 18, 19].

On November 7, 2018, Plaintiff's counsel unsuccessfully attempted to contact Defendant via telephone to warn Defendant of Plaintiff's intention to seek a default judgment. On December 31, 2018, Plaintiff's counsel unsuccessfully attempted to contact Defendant via telephone six times to warn Defendant of Plaintiff's intention to seek a default judgment. [Innabi Decl. ¶¶ 5-6].

1
2
3
4

Defendant has remained unresponsive to Plaintiff's Complaint, and has failed to file a responsive pleading, appear in this case, or participate in this action in any way. Plaintiff now brings this motion for default judgment and concurrent motion for attorney's fees and costs against Defendant.

5

### III. LEGAL STANDARD

6
7
8
9
10
11
12
13
14
15
16
17
18

Under to Rule 55(b), a court may order default judgment following the entry of default by the Clerk of the Court. After default has been entered, the factual allegations of the complaint are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). Entry of default judgment is completely at the discretion of the trial court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In determining whether default judgment is appropriate, courts utilize the following *Eitel* factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Id.* at 1471. As discussed below, the *Eitel* factors weigh in favor of a default judgment against Defendant.

19

### IV. ARGUMENT

20
21
22
23
24

Plaintiff seeks relief against Defendant for their numerous violations of Federal and State laws. Specifically, Plaintiff seeks from Defendant statutory damages in the amount of $1,000 for violations of the FDCPA, statutory damages in the amount of $1,000 for violations of the RFDCPA, and actual damages in the amount of $5,000.

25

### A. IF DEFAULT JUDGMENT WERE DENIED THE PREJUDICE TO THE PLAINTIFF WOULD BE SIGNIFICANT

26
27
28

Under the first *Eitel* factor, a plaintiff is prejudiced if Plaintiff would be denied the right to judicial resolution of his claims in the absence of a default

judgment. *Elektra Ent. Group Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

Here, Plaintiff will be greatly prejudiced if Plaintiff is not able to permanently enjoin Defendant from their abusive practices. Without a judgment, Plaintiff will be without recourse to resolve Plaintiff's claims, and would receive no compensation for the unlawful conduct Plaintiff has been subject to.

### B. PLAINTIFF'S CLAIMS ARE MERITORIOUS AND SUFFICIENTLY PLEAD

The second and third *Eitel* factors are often considered together, and courts analyze these factors by considering whether Plaintiff asserts "claims upon which it may recover." *Jiang v. New Millennium Concepts Inc.*, No. 15-CV-04722-JST, 2016 WL 3682474, at *2 (N.D. Cal. July 11, 2016) (citations omitted).

#### 1. THE FDCPA AND RFDCPA

"In order to state a claim for relief under the FDCPA, a plaintiff must show that (1) he or she is a "consumer," (2) the defendant is a "debt collector," and (3) the defendant has acted or failed to act in violation of the FDCPA. *Mannello v. Residential Credit Sols., Inc.,* No. 215CV07674CASAJW, 2016 WL 94236, at *4 (C.D. Cal. Jan. 7, 2016) (citations omitted). The elements are the same for claims under the RFDCPA with the exception that the plaintiff show he is a "debtor". *Id*.

Plaintiff has adequately alleged that Plaintiff is a "consumer" under the FDCPA, [Compl. ¶ 15], and a "debtor" under the RFDCPA, [*Id.*]. Plaintiff has also adequately alleged that Defendant is a "debt collector" who engaged in conduct that violated the FDCPA and RFDCPA. [*Id*. ¶¶ 16-18; 20-54]. Therefore, if the cited allegations are taken as true, Plaintiff has stated meritorious and sufficiently pled FDCPA and RFDCPA claims.

### C. THE SUM OF MONEY AT STAKE IN THIS MATTER

In determining the fourth *Eitel* factor, the Court must consider the amount of money sought in relation to the seriousness of Defendant's conduct. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).

### 1. STATUTORY DAMAGES UNDER THE FDCPA AND RFDCPA

Under the FDCPA, a defendant is liable for statutory damages of up to $1,000. 15 U.S.C. § 1692k(a). In determining the amount of damages to award, the court must consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The FDCPA is a strict liability statute and thus no showing of intent is required. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010); *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008).

Under the RFDCPA, a defendant is likewise liable for up to $1,000 in statutory damages. Cal. Civ. Code § 1788.30(b). Statutory damages may be awarded cumulatively under both statutes. 15 U.S.C. § 1692n; Cal. Civ. Code § 1788.32; *Gonzales v. Arrow Fin. Servs., LLC.*, 660 F.3d 1055, 1059 (9th Cir. 2011).

Here, Plaintiff is entitled to full statutory damages in the amount of $2,000, ($1,000 from Defendant under the FDCPA, and $1,000 from Defendant under the RFDCPA). An award of full statutory damages from Defendant is warranted here based upon the nature and persistence of Defendant's violations.

First, Defendant contacted Plaintiff directly by phone on at least two (2) occasions attempting to collect on a time-barred Debt by unlawfully threatening litigation with false threats of a lawsuit. Defendant's purpose during each of these calls was to instill a false sense of urgency of an imminent lawsuit to coerce Plaintiff into contacting Defendant immediately and paying the time-barred Debt. [*Id.* ¶¶ 25, 44]. At the time the Complaint was filed, no legal action had been taken against Plaintiff by Defendant, and no lawsuit was pending in any California court against Plaintiff for the alleged Debt. [*Id.* ¶ 29].

Specifically, on September 27, 2018, Defendant contacted Plaintiff via telephone, demanded payment on the Debt, and stated that a ***"complaint may be***

1  *filed"* against Plaintiff. Defendant added that ***"Failure to respond will result in the***
2  ***department proceeding without [Plaintiff's] consent",*** and that the call would be
3  ***"logged and submitted as proof"*** that Plaintiff had been notified. [*Id.* ¶¶ 24-30].
4  By falsely stating that a "complaint" "may be filed" against Plaintiff, Defendant
5  unlawfully threated litigation, and falsely implied that Plaintiff could still be sued
6  for the Debt. Plaintiff cannot still be sued for the Debt as the Debt is past the four
7  (4) year statute of limitations. *See Cal. Code Civil Proc. § 337.* [*Id.*]. By stating
8  "Failure to respond will result in the department proceeding without your consent,"
9  Defendant falsely implied that if Plaintiff did not immediately contact them,
10 Plaintiff would waive his rights to challenge the Debt. [*Id.*]. Even if Plaintiff never
11 called Defendant, Plaintiff would not waive any rights with respect to the Debt.

12     Fearing an imminent lawsuit, on September 27, 2018, Plaintiff contacted
13 Defendant, ("The Phone Call"). [*Id.* ¶ 39]. During The Phone Call, Defendant
14 demanded payment on the time-barred Debt, stated the Debt was "***going to***
15 ***litigation***," and informed Plaintiff that Plaintiff would be "***sued***." [*Id.* ¶ 40]. By
16 falsely stating that the Debt was "going to litigation," and that Plaintiff would be
17 "sued", Defendant unlawfully threatened a lawsuit, and falsely implied that Plaintiff
18 could still be sued for the Debt. [*Id.* ¶ 41]. During The Phone Call, Plaintiff
19 informed Defendant that the Debt was past the four (4) year statute of limitations.
20 *See Cal. Code Civil Proc. § 337.* [*Id.* ¶ 42]. In response, Defendant improperly
21 stated that the statute of limitations "does not apply to bank accounts" and
22 proceeded to intimidate the Plaintiff by stating "good luck in court." [*Id.* ¶ 43].

23     In an attempt to collect upon a time-barred Debt, Defendant unlawfully
24 threatened litigation by attempting to intimidate Plaintiff with false threats of a
25 "Complaint", implying Plaintiff had been named in a non-existent lawsuit. [*Id.* ¶¶
26 26, 43, 44]. Defendant's purpose for each voicemail was to instill a false sense of
27 urgency of an imminent lawsuit to coerce Plaintiff into contacting Defendant and
28 paying the alleged Debt. [*Id.* ¶¶ 25, 41, 44].

1   These threats and representations made to Plaintiff by Defendant were false
2   and part of a scripted and unlawful debt collection practice that is ongoing and is
3   currently being perpetrated by Defendant to coerce the payment of money from
4   consumers through the use of false threats, extortion, intimidation, and unlawful
5   harassment. [*Id*. ¶¶ 29, 43]. The FDCPA was enacted, in part, to prevent debt
6   collectors, like Defendant, from making such empty threats as a way to coerce
7   payment from consumers. *Lensch v. Armada Corp.*, 795 F. Supp. 2d 1180, 1185
8   (W.D. Wash. 2011). Defendant's conduct here is a flagrant violation of the
9   FDCPA and RFDCPA.

10   Second, Defendant violated further provisions of the FDCPA and RFDCPA
11   by failing to make the required disclosures enumerated by each statute. *See* 15
12   U.S.C. § 1692g[1]; e(11); Cal. Civ. Code § 1812.700(a)-(b); Cal. Civ. Code §
13   1812.702; Cal. Civ. Code § 1788.17. During each phone call, Defendant failed to:
14   (i) identify themselves as debt collectors; and (ii) failed to make meaningful
15   disclosure of their identit(ies). [*Id.* ¶¶ 32-38; 45-47]. The statutory disclosure
16   requirements of the FDCPA are essential as they ensure "that consumers are fully
17   and truthfully apprised of the facts and of their rights" which "enables them to
18   understand, make informed decisions about, and participate fully and meaningfully
19   in the debt collection process." *Tourgeman v. Collins Fin. Servs., Inc.,* 755 F.3d
20   1109, 1122 (9th Cir. 2014) (*citing Clark v. Capital Credit & Collection Servs.,*
21   *Inc.,* 460 F.3d 1162, 1171 (9th Cir. 2006)).

22   Defendant's failure to disclose its status and advise consumers, like Plaintiff,
23   of their rights, "frustrate[s] a consumer's ability to intelligently choose his or her
24   response" because consumers cannot invoke rights they do not know exist.
25   *Donohue,* 592 F.3d 1027, 1033. These violations were knowing and intentional as
26
27   [1] Congress even went so far as to state that Section 1692g was considered to be a "significant
     feature" of the of the FDCPA designed to "eliminate the recurring problem of debt collectors
28   dunning the wrong person or attempting to collect debts which the consumer has already paid."
     S. REP. 95-382, 4, 1977 U.S.C.C.A.N. 1695, 1699.

1 Defendant failed to disclose their status as debt collectors and similarly failed to
2 advise consumers that they could report debt collector misconduct to the Federal
3 Trade Commission to evade state and federal law without governmental oversight.
4 Such conduct clearly violates the FDCPA and RFDCPA. This combined with
5 Defendant's knowing and persistent violations of Plaintiff's rights warrant an
6 award of full statutory damages.

7 Lastly, District Courts routinely award the full measure of statutory damages
8 in FDCPA and RFDCPA default judgments. *See Muse v. Thompson & Assocs.,*
9 *PC*, (E.D. Cal. Mar. 4, 2010, No. CIV S-09-2489 JAM EFB) 2010 U.S. Dist.
10 LEXIS 19596, at *13.) (awarding $2,000 in statutory damages under the FDCPA
11 and RFDCPA in a default judgment); *McBride v. Del. Solutions, LLC.,* (E.D. Cal.
12 Oct. 5, 2015, No. 2:15-cv-1222-MCE-KJN) 2015 U.S. Dist. LEXIS 135738, at
13 *10-11.) (same); *Hartung v. J.D. Byrider, Inc.,* (E.D. Cal. June 26, 2009, No. 1:08-
14 cv-00960 AWI GSA) 2009 U.S. Dist. LEXIS 54415, at *31.) (same). Therefore,
15 based on the nature and persistence of Defendant's numerous violations, Plaintiff
16 is entitled to a full award of statutory damages of $1,000 from Defendant under the
17 FDCPA and $1,000 from Defendant under the RFDCPA.

### 2. ACTUAL DAMAGES UNDER THE FDCPA AND RFDCPA

19 Both the FDCPA and the RFDCPA allow for recovery of actual damages
20 sustained by a debtor resulting from violations of the Acts. 15 U.S.C. §
21 1692k(a)(1); Cal. Civ. Code § 1788.30(a). Courts have recognized that emotional
22 distress suffered as a result of a defendant's violation of the FDCPA qualifies as
23 actual damages for purposes of the statute. *See McCollough v. Johnson,*
24 *Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir.2011). "[P]laintiff need
25 only offer evidence that she suffered emotional distress as a result of the
26 defendant's FDCPA violations in order to recover emotional distress damages."
27 *Jiang v. New Millennium Concepts Inc.,* No. 15-CV-04722-JST, 2016 WL
28 3682474, at *4–5 (N.D. Cal. July 11, 2016) (citing *Torres v. Bernstein, Shapiro &*

*Associates, L.L.C.,* No. 10-CV-2507-KJM-DAD, 2012 WL 2376401, at *4 (E.D. Cal. June 22, 2012). "Such an approach appears to be particularly appropriate in the context of an unopposed motion for default judgment." *Id.*

Here, Plaintiff is entitled to an award of actual damages in the amount of $5,000 from Defendant under the FDCPA and RFDCPA. This award is warranted based upon actual damage sustained by Plaintiff as a result of Defendant's willful and egregious conduct. By falsely stating that a "complaint" may be filed against Plaintiff, Defendant unlawfully threatened litigation and falsely implied that Plaintiff could still be sued on the Debt, even though the Debt was past the four (4) year statute of limitations. [*Id.* ¶ 26]. By stating "Failure to respond will result in the department proceeding without your consent," Defendant falsely implied that if Plaintiff did not immediately contact them, Plaintiff would waive his rights to challenge the Debt. Even if Plaintiff never called Defendant, Plaintiff would not waive any rights with respect to the Debt. [*Id.* ¶ 28]. By falsely stating that the Debt was "going to litigation," and that Plaintiff would be "sued", Defendant unlawfully threated a lawsuit, and falsely implied that Plaintiff could still be sued for the Debt. [*Id.* ¶ 41]. Defendant improperly stated the statute of limitations did not apply to the Debt in order to intimidate Plaintiff into believing that he could still be sued on the Debt, and to coerce Plaintiff into paying the Debt immediately. [*Id.* ¶ 44]. By stating they were a "law firm" rather than "debt collectors," Defendant used a false name in connection with the collection of an alleged Debt, and did not disclose the true nature of their business, which is collecting debts. By claiming they were a "law firm" and using the name "DFG and Associates", Defendant misrepresented the nature of their services. [*Id.* ¶ 46].

After receiving Defendant's voicemail and after speaking to Defendant, Plaintiff believed that Plaintiff could still be sued for the Debt, and that claims could soon be pending against him, even though there could not have been. [Declaration of Michael Smith, hereinafter "Smith Decl." ¶¶ 4-5]. The actions

1   taken by Defendant caused Plaintiff stress, worry, and loss of sleep. [*Id.*]. As a

2   result of Defendant's unlawful debt collection tactics, Plaintiff was frightened that

3   he would be sued and subject to litigation on a time-barred Debt. [*Id.* ¶¶ 4-13].

4   Plaintiff was shaken and confused by Defendant's tactics and as a result

5   experienced headaches, depression, anxiety, embarrassment, and mental anguish

6   that would not have happened but for Defendant's conduct. [*Id.*].

7       In addition, District Courts routinely award actual damages for emotional

8   distress in similar FDCPA and RFDCPA default judgments. *Jiang,* 2016 WL

9   3682474, at *4–5 (N.D. Cal. July 11, 2016) (finding plaintiff's claim for actual

10  damages in the amount of $5,000 for emotional distress reasonable on a motion

11  for default judgment); *Torres*, 2012 WL 2376401 at *4-5 (E.D. Cal. 2012)

12  (awarding $5,000.00 for emotional distress damages to a plaintiff on a motion

13  for default judgment in a similar FDCPA/RFDCPA action); *McBride v. Delaware*

14  *Sols.*, LLC, No. 2:15-CV-1222-MCE-KJN, 2015 WL 5882395, at *6 (E.D. Cal.

15  Oct. 5, 2015) (awarding $5,000.00 for emotional distress damages to a plaintiff on

16  a motion for default judgment in a FDCPA/RFDCPA action); *Crider v. Pac.*

17  *Acquisitions & Assocs.*, LLC, No. 14-CV-03498-NC, 2015 WL 6689391, at *6

18  (N.D. Cal. Nov. 3, 2015) (awarding $5,000.00 for emotional distress damages to a

19  plaintiff on a motion for default judgment in a FDCPA/RFDCPA action); *Thao v.*

20  *Law Offices of Christopher Glenn Beckom,* No. 117CV01298LJOEPG, 2018 WL

21  2002441, at *4 (E.D. Cal. Apr. 30, 2018) (finding plaintiff's declaration and oral

22  testimony more than sufficient to support her request for $25,000 in emotional

23  distress damages on a motion for default judgment.).

24      Defendant's actions were deliberate, willful, and calculated to scare and

25  coerce Plaintiffs into paying a time-barred Debt. Accordingly, Plaintiff now

26  requests actual damages in the amount of $5,000 to compensate Plaintiff for

27  Defendant's abusive conduct.

28  ///

### D. THERE IS NO DISPUTE OF MATERIAL FACTS

For the fifth *Eitel* factor, courts hold there are no outstanding issues of material fact when a defendant fails to appear. Particularly when the complaint is pled sufficiently, "no genuine dispute of material facts would preclude granting [Plaintiff's] motion." *Pepsico*, 238 F. Supp. 2d at 1177. Here, Plaintiff has filed a Complaint that properly alleges violations of the FDCPA and RFDCPA. Defendant has failed to appear and there can be no issue of material fact when the Defendant has not appeared to contest the Complaint's allegations.

### E. DEFENDANT'S FAILURE IS NOT DUE TO EXCUSABLE NEGLECT

Here, there is no excusable neglect under the sixth *Eitel* factor. Defendant was properly served as required under Rule 4. [Innabi Decl. ¶ 2]. Plaintiff's counsel unsuccessfully attempted to communicate with Defendant by phone on seven (7) occasions. [Innabi Decl. ¶¶ 5-6]. Defendant replied by refusing to respond to the Court's Summons or participate in this action in any way. Through the date of this filing, Defendant has yet to appear in this case. There is simply no excusable neglect here.

### F. PUBLIC POLICY CONSIDERATIONS FAVORING DECISION ON THE MERITS

The seventh *Eitel* factor of public policy is also satisfied. Although "[c]ases should be decided upon their merits whenever reasonably possible," such is not a requirement. *Eitel*, 782 F.2d at 1472. Rule 55(b) permits entry of default judgment in situations where a defendant refuses to litigate. *Pepsico*, 238 F. Supp. 2d at 1177. Defendant's failure to answer or otherwise respond to the Complaint "makes a decision on the merits impractical, if not impossible." *Id*. Plaintiff simply has no other option other than to seek a default judgment. Therefore, policy concerns weigh in favor of entering judgment for Plaintiff.

### V. CONCLUSION

Defendant is aware of this action but has nonetheless refused to respond to the Court's Summons or participate in this action in any way. Defendant's

adamant failure to participate in this lawsuit warrants the Court to enter a default judgment in Plaintiff's favor.

Due to Defendant's repeated, persistent, and willful violations of the FDCPA and RFDCPA, an award of full statutory damages in the amount of $1,000 from Defendant for violations of the FDCPA, statutory damages in the amount of $1,000 from Defendant for violations of the RFDCPA, and actual damages in the amount of $5,000 are warranted. In sum, Plaintiff's motion seeks $7,000 in damages against Defendant.

Dated: January 16, 2019                    Respectfully submitted,

                                           **SINNETT LAW, APC.**

                                           BY: /S/ CRYSTAL T. INNABI
                                           CRYSTAL T. INNABI, ESQ.
                                           ATTORNEY FOR PLAINTIFF